United States District Court
Middle District of Florida
Jacksonville Division

**WILMINGTON TRUST, NA,**

   *Plaintiff,*

v.                               NO. 3:25-CV-502-WWB-PDB

**JANICE GREEN ET AL.,**

   *Defendants.*

## Order

The plaintiff initiated this foreclosure action in state court against Janice Green, her unknown spouse, a homeowner's association, and two unknown tenants. Doc. 2. Green, proceeding without a lawyer, removed the case to this Court. Doc. 1.

A federal court must inquire into subject-matter jurisdiction sua sponte whenever it may be lacking. *Application of Furstenberg Fin. SAS v. Litai Assets LLC*, 877 F.3d 1031, 1033 (11th Cir. 2017). "A removing defendant bears the burden of proving proper federal jurisdiction." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155 (11th Cir. 2024).

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under the federal remand statute, "[i]f

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal court may have original jurisdiction under a specific statutory grant, federal-question jurisdiction, or diversity jurisdiction. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The federal-question jurisdiction statute permits a federal district court to exercise jurisdiction over a civil action "arising under" federal law. 28 U.S.C. § 1331. The diversity jurisdiction statute permits a federal district court to exercise jurisdiction over a civil action between citizens of different states involving an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1).

Green removes the case under 28 U.S.C. § 1446 and contends, without support, that the alleged title dispute belongs in federal court. Doc. 1 at 1–2. Section 1446, however, establishes the procedures for removal and does not itself confer federal court jurisdiction. Green fails to otherwise state a basis for this Court's jurisdiction.

By **May 23, 2025**, Green must show cause why this Court should not remand the case to state court for lack of subject-matter jurisdiction.

**Ordered** in Jacksonville, Florida, on May 7, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Janice Green
     11495 Tori Lane
     Jacksonville, FL 32218